IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01450-WYD-KLM

JULIE FAIRMAN,

   Plaintiff,

v.

VIKING LIFE-SAVING EQUIPMENT A/S, d/b/a QUEST ENTERPRISES, INC., a Colorado corporation,

   Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Under Rule 26(c) FED. R. CIV. P., IT IS ORDERED:

1. This Stipulated Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, depositions and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Stipulated Protective Order, "document" is defined as provided in Rule 34(a), FED. R. CIV. P. A draft or non-identical copy is a separate document within the meaning of this term.

3. Confidential documents, materials, and information (collectively, the "Confidential Information") shall not be disclosed or used for any purpose except the

preparation and trial of this case. The duty to keep confidential information confidential survives the completion of this case.

4. Information designated "Confidential" shall be information that concerns private financial, employment or medical information of Plaintiff Julie Fairman ("Plaintiff"); or confidential business information about Defendant Viking Life-Saving Equipment A/S, d/b/a Quest Enterprises, Inc. ("Defendant")[1], Defendant's affiliates or subsidiaries, current or former employees and agents, trade secrets or other confidential research, or marketing, development or commercial information of Defendant. As a condition of designating documents for confidential treatment, the documents must be reviewed by a lawyer and a good faith determination must be made that the documents are entitled to protection.

5. A party designating documents as Confidential Information may do so by marking such material with the legend "Confidential."

6. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice is

---

[1] Although this Protective Order refers to each party as described and named in Plaintiff's Complaint, the Court makes no determination as to the validity of Viking Life-Saving Equipment A/S's contentions that Quest is a wholly owned subsidiary of Viking Life-Saving Equipment A/S or that Viking Life-Saving Equipment A/S has never used a "d/b/a" with respect to Quest.

promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. The parties recognize but do not necessarily agree that Confidential Information may include, but is not limited to, sensitive and non-public information and records concerning compensation, employee duties and performance, employee discipline and promotions, personnel decisions and other documents related to the Plaintiff's employment with Defendant, and Defendant's general business practices, financial matters, information regarding client/customer relationships, and technical, strategic or other proprietary business information. All Confidential Information designated "Confidential" may be reviewed only by the following persons (subject to Paragraph 10 of this Order):

    a.    attorneys actively working on this case;

    b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

    c.    the parties, including Plaintiff, Defendant and Defendant's Board of Directors, officers, management, and any advisory witnesses who are directly assisting said attorneys in the preparation of this case;

    d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for

preparation, trial or other proceedings in this case;

e. the Court, jurors and/or court staff in any proceeding herein;

f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g. deponents, witnesses or potential witnesses; and

h. other persons by written agreement of the parties.

8. Before the parties or their counsel may disclose any Confidential Information to any persons contemplated by Paragraph 7 of this Stipulated Protective Order, such person shall be provided with a copy of the Stipulated Protective Order and shall be advised that he or she shall be bound by its provisions. In the event any counsel of record determines that persons other than those provided for in Paragraph 7 above have a need to review any Confidential Information, written authorization of the party who produced the Confidential Information must be obtained in advance of such disclosure. Should the party who produced the Confidential Information refuse such authorization, counsel may apply to the Court for authorization.

9. A party may object to the designation of particular Confidential Information by giving written notice to the party that designated the disputed information and all other parties to the civil action. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to schedule a mutually

4

convenient time to call the Court for a discovery hearing as discussed in Step 2.C. of Magistrate Mix's Discovery Dispute Hearing Procedures in order to request that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If contact with the Judge's chambers is timely made, the disputed information shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the issue. If the designating party fails to contact the Judge's chambers within the prescribed period, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Stipulated Protective Order. In connection with a motion made under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

10. Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential Information shall be destroyed or preserved by counsel in a manner which is fully consistent with the terms of this Stipulated Protective Order. At the end of the litigation (including any appeals), counsel will not be required to return the material.

12. This Protective Order may be modified by the Court at any time for good

cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 27*th* day of October, 2014.

BY THE COURT:

*[signature]*

Magistrate Kristen L. Mix
~~Judge~~

*Please get both the title and the spelling right in the future. See below.*

**KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO**

6


APPROVED:

<u>s/Joan M. Bechtold</u>
Joan M. Bechtold
SWEENEY & BECHTOLD, LLC
650 S. Cherry Street, Suite 610
Denver, Colorado 80206
(303) 865-3733
jmbechtold@sweeneybechtold.com

Attorney for Plaintiff

<u>s/Austin E. Smith</u>
Austin E. Smith
Raul Chacon, Jr.
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
1700 Lincoln Street, Suite 4650
Denver, Colorado 80203
(303) 764-6800
Austin.Smith@ogletreedeakins.com
Raul.Chacon@ogletreedeakins.com

Attorney for Defendant